IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. 1:13-cr-10014-JDB

TIMOTHY LAMBERT,

    Defendant.

---

ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF UNDER THE FIRST STEP
ACT OF 2018

---

The Defendant, Timothy Lambert, filed a letter with the Court on May 30, 2019, inquiring into the applicability of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"), to his case. (Docket Entry ("D.E.") 89.) In accordance with an order of the Court, the Government filed a response on July 22, 2019. (D.E. 94.) The matter is now ripe for review.

On February 19, 2013, Lambert was charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (D.E. 2.) Pursuant to a guilty plea, he received a sentence of 151 months' incarceration, to be followed by three years of supervised release. (D.E. 79.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce

1

recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, the FSA permits the retroactive reduction of sentences only with respect to those offenses. *Id.* at 809.

Lambert was convicted of an offense involving firearms, rather than crack cocaine. Accordingly, the FSA provides him no relief. The motion is DENIED.

IT IS SO ORDERED this 16th day of August 2019.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE